Turley, J.
delivered the opinion of the court.
On the trial of this' case in the circuit court, the defendants offered in evidence a copy of a record of a judgment of the Circuit Court of Bedford, in favor of Benjamin J. Rutherford, against Franklin B. Pierce and Washington G. Pierce, under which they claim the negro *593 slave, Dick, the subject matter of tbis controversy, as purchased at execution sale.
To the reading of this record, the plaintiff objected, but his objection was overruled and the record was read in support of the defendants’ right to the negro; and it is now insisted that on the reception of this evidence the Circuit Judge committed an error; for which the judgment rendered in the case should be reversed.
The judgment of the Circuit Court of Bedford was rendered against the defendants, Franklin B. Pierce and Washington G. Pierce, on the motion of the plaintiff, Benj. S. Rutherford. As grounds for rendering said judgment on motion, it is stated upon the face of it that it appeared to the satisfaction of the court, from a certified transcript of the record of proceedings had in the Circuit Court of Sumner county, that on the 12th day of June, 1841, Oran Wallace recovered a judgment in the Circuit Court of Sumner county against Franklin B. Pierce and Benj. S. Rutherford, for the sum of thirteen hundred and five dollars, for debt and interest, and eleven dollars thirty-seven and one-half cents for costs. And it further appearing that said recovery was had on a certain obligation dated the 28th day of June, 1839, executed by said Franklin B. Pierce, Washington G. Pierce, Isaac Pierce and Benj. S. Rutherford, payable to Oran Wallace on the 25th day of December, 1839, for the sum of twelve hundred dollars. But because it is unknown to the court whether Benj. S. Rutherford was the security only of the said Franklin B., Washington G. and Isaac Pierce in said written obligatory, a jury was empannelled to find that fact, who found that Benj. J. Rutherford was only the security of the said Franklin B., Washington G. and Isaac Pierce; whereupon it was considered by the court that the plaintiff, Benj. S. *594 Rutherford, recover of the said Franklin B. and Washington G. Pierce, the sum of eight hundred and thirty-eight dollars forty-five cents, with interest and cost.
There are two objections to the validity of this judgment and for which it is contended that the reading of the certified copy thereof, should have been refused on the trial.
1st. It is insisted that the Circuit Court of Bedford, had no jurisdiction over the case, but that the same was confined to the Circuit Court of Sumner, where the original judgment against Franklin B. Pierce and Benj. S. Rutherford was rendered.
This objection is not sustainable. The act of 1801, ch. 15, sec. 1, provides that where judgment shall be entered up in any judicature within this State against any person or persons, as security or securities, upon any note, bill, bond or obligation, and the amount of such judgment or any part thereof hath been paid or discharged by such security or securities, they may obtain judgment on motion against such principal obligor or obligors, for the full amount of what shall have been thus paid, in any court where judgment may have been entered against such security or securities, or within any other court of judicature in the State, upon the production of a copy of the record or judgment legally authenticated.
The act of 1809, chap. 69, sec. 1, makes a similar provision in favor of securities against whom judgments have been rendered and without paying the amount or any part thereof, and gives the remedy before any jurisdiction having cognizance thereof.
Now in as much as the act of 1801, gives the remedy expressly, not only to the court where the original judgment is rendered, but to any other court or judicature *595 in the State, and the act of 1809 to any court having cognizance thereof, it necessarily follows that the test is not the county of the court but, its jurisdiction; that is, if the court has jurisdiction of the subject matter, it has jurisdiction of the case. The cause of action being transitory, the motion may be entertained by any court in the State that would have had jurisdiction of the case upon service of process against the defendant or defendants. As to the wisdom of this provision we have nothing to say; it is our duty to enforce it.
2nd. It is insisted that as it appears from the face of the judgment that it was rendered upon motion against two of the principal obligors only, when it appears there were three, it is void upon the authority of the case of Rice and others vs. H. & J. Kirkman, 3 Hump. 415. That case holds that when it appears from the face of the .judgment, that it was rendered upon motion against a part of the securities of a sheriff instead of the whole, such judgment is erroneous and will be reversed and the defendants discharged, unless those against whom it is not rendered be dead, in which case there is no necessity of proceeding against them, because the bond remains obligatory upon the survivors by common law principles. This case does not hold, however, that such judgment is void. It would not be right upon principal to hold so. It is true that the statute in that case as in this, gives the judgment by motion against all personally bound as a class; and as such proceeding is strictly construed, it is error to move otherwise against them, than as a class. Yet if this be done and judgment rendered accordingly, it is not void, for it can amount to nothing more than a non-joinder of parties defendants, which does not render void a judgment. If the parties to *596 it think proper to submit to it, third persons have no right to complain, and a sheriff or other officer may execute process thereon without becoming a trespasser. The judgment, then, which is objected to in this case, was rendered before a tribunal having jurisdiction thereof, and though it was erroneous upon its face, yet it has been legally executed and protects purchasers under it against all persons so far as its validity is concerned. The Circuit Judge, therefore, committed no errror in permitting it to be read and we affirm his judgment.